UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JARED L. HAYNES, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:20-CV-364-WCL-SLC |
| ALLEN COUNTY POLICE DEPT., et al., | |
| Defendants. | |

OPINION AND ORDER

Jared L. Haynes, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 11.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

Mr. Haynes, who is serving a state sentence at Miami Correctional Facility, alleges that he is an adherent of the Muslim faith. The complaint is somewhat difficult to decipher, but it can be discerned that he is alleging that his First Amendment right to exercise his religion was impaired while he was confined at the Allen County Jail awaiting trial. Specifically, he claims he was not given proper meals during Ramadan because some of the foods served to him were spoiled. He also claims that another inmate threw urine through his cell door during Ramadan, which impaired his ability to observe the holiday, but no one at the jail did anything about it. It can be discerned from the attachments that the urine incident occurred on May 28, 2018, and that the rotten foods were allegedly served to him during May and June 2018.

Mr. Haynes's original complaint was stricken because it was unsigned, but he dated it October 15, 2020. (ECF 2 at 9.) It was filed with the court that same date. The events underlying Mr. Haynes's claims occurred during May 2018 and June 2018. Suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The date on which the claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Here, it is apparent that Mr. Haynes was aware of his injuries, and their cause, immediately as they occurred. Because he tendered his complaint for filing more than two years later, the complaint is untimely.[1] Although the statute of limitations is ordinarily an affirmative defense, where it is clear from the face of the complaint that the action is untimely, dismissal at the pleading stage is appropriate. *See O'Gorman*, 777 F.3d at 889; *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). That is the case here.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). It appears unlikely that Mr. Haynes can overcome the statute of limitations barrier. However, in the interest of justice, the court

---

[1] The court notes that there are two documents attached to the amended complaint that are dated October 19, 2018, which is within two years of the filing of the original complaint. One is a "limited power of attorney" granting the Indiana Department of Correction authority to receive and handle money on Mr. Haynes's behalf. (ECF 11-1 at 39.) The other is a release of medical records. (*Id.* at 40.) Neither of these documents underly Mr. Haynes's claims about the denial of his right to the free exercise of his religion.

will allow him to amend his complaint if, after reviewing this court's order, he believes he can state a timely claim for relief against these defendants, consistent with the allegations he has already made.

For these reasons, the court:

(1) GRANTS the plaintiff until **January 13, 2021**, to file an amended complaint if he so wishes; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A, because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on December 15, 2020.

s/William C. Lee
JUDGE WILLIAM C. LEE
UNITED STATES DISTRICT COURT
