UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JARED L. HAYNES, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:20-CV-364-WCL-SLC |
| ALLEN COUNTY POLICE DEPT., et al., | |
| Defendants. | |

OPINION AND ORDER

Jared L. Haynes, a prisoner proceeding without a lawyer, filed a second amended complaint under 42 U.S.C. § 1983. (ECF 19.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

Mr. Haynes, who is serving a sentence at Miami Correctional Facility, alleges that he is an adherent of the Muslim faith. He claims that his First Amendment right to exercise his religion was impaired while he was confined at the Allen County Jail as a pretrial detainee. Specifically, he claims he was not given proper meals during Ramadan in 2018, and that another inmate threw urine through his cell door, which impaired his ability to observe the holiday.[1] As the court explained in the prior

---

[1] The court notes that in 2018, Ramadan was observed from May 16, 2018, to June 14, 2018. *See* Ramadan Calendar 2018, *https://www.alaqsaislamicsociety.com/wp/wp-content/uploads/2018/03/Ramadan-2018.pdf* (last visited January 20, 2021).

screening order, the events he complained about occurred during May and June 2018, which was more than two years prior to the filing of his original complaint on October 15, 2020. He again describes events occurring during May and June 2018, and adds detail about letters he wrote to attorneys and organizations in July and August 2018 complaining about his treatment during Ramadan. He appears to claim that jail staff mishandled these letters.

Suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The date on which the claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Here, it is apparent that Mr. Haynes was aware of his injuries, and their cause, immediately as they occurred in May and June 2018. Because he tendered his original complaint for filing more than two years later, his claims are untimely. Even if the court were to presume that the mishandling of his letters in July and August 2018 somehow constituted a continuation of the violation of his First Amendment rights occurring during Ramadan, the complaint would still be untimely. Where it is clear from the face of the complaint that the action is untimely, dismissal at the pleading stage is appropriate. *See O'Gorman*, 777 F.3d at 889; *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). That is the case here.

The present complaint represents Mr. Haynes's third attempt to state his claims, and the court finds no basis to conclude that if given another opportunity, he could

state a timely claim for relief, consistent with the allegations he has already made under penalty of perjury. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Therefore, the case will be dismissed.

For these reasons, the court:

(1) DISMISSES this case pursuant to 28 U.S.C. § 1915A; and

(2) DIRECTS the clerk to close the case.

SO ORDERED on January 20, 2021.

                                          s/William C. Lee
                                          JUDGE WILLIAM C. LEE
                                          UNITED STATES DISTRICT COURT